# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF THE WEST, ) | Case No. 2:14-cv-00770-APG-CWH |
|                 Plaintiff, ) | |
| vs. ) | **ORDER** |
| JAMES A BARTON, et al., ) | |
|                 Defendants. ) | |

This matter is before the Court on Plaintiff's *Ex Parte* Motion to Enlarge Time for Service, to Serve by Publication, and to Serve Pursuant to NRS § 14.090 (#5), filed July 8, 2014.

## BACKGROUND

The complaint in this matter was filed on May 15, 2014. (#1). Summons were to the named defendants on May 16, 2014. (#3). By way of the motion currently before the Court, Plaintiff seeks three types of relief. First, Plaintiff seeks a sixty (60) day extension to complete service under Fed. R. Civ. P. 4(m). Second, Plaintiff seeks an order permitting service by publication under Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i). Third, Plaintiff seeks an order allowing service to be made on certain defendants pursuant to NRS 14.090. Attached to Plaintiff's motion are affidavits from various process servers detailing the many attempts made at service. *See* Exs. 1-3 attached to Pl.'s Mot. (#5).

## DISCUSSION

**1. Plaintiff's Request for Extension of Time to Serve under Rule 4(m)**

Plaintiff requests a sixty (60) day extension of time to serve under Fed. R. Civ. P. 4(m), which states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The 120-day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The Court has little difficulty finding good cause for the requested extension. The exhibits attached from various process servers (exhibits 1-3) provide a detailed breakdown of the several efforts that have been made to effectuate service in this matter. Thus, the request for sixty (60) additional days to complete service will be granted.

**2. Plaintiff's Request for Service by Publication**

Plaintiff also requests an order permitting service by publication pursuant to Fed. R. Civ. P. 4(e)(1), which provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made[.]"[1] In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. It generally requires personal service of the summons and complaint upon individual defendants. Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein or by delivering the

---

[1] Plaintiff is attempting to serve two Defendants in their individual capacities: James A. Barton and Jamie McNulty. Plaintiff also seeks to serve Defendant Barton as the Trustee of the J&H Barton Family Trust, and Defendant Jamie McNulty and Kenneth McNulty as Trustees of the McNulty Family Trust.

summons and complaint to an agent authorized to receive service. NRCP 4(d)(6). When personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Abreu*, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant."). The Court has reviewed the record and finds that Plaintiff has demonstrated due diligence in its effort to serve Defendants. Exhibits 1-3 attached to the motion are affidavits from the process servers who attempted to effectuate service. It is clear that the process servers made service attempts at different locations, different times, different dates, and in consultation with available public records. Plaintiff has been diligent in attempting to serve despite. Consequently, the request to serve by publication will be granted.

**3. Plaintiff's Request to Serve Pursuant to NRS § 14.090**

Lastly, Plaintiff requests an order permitting service pursuant to NRS § 14.090, which provides:

1. A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section. If there is:

(a) A guard posted at the gate and the guard denies access to the residence for service of process, service of process is effective upon leaving a copy thereof with the guard.

(b) No guard posted at the gate and entry through the gate is not reasonably available, the court may, if it is satisfied that those facts are true, allow service of process by mailing a copy thereof to the residence by certified or registered mail.

    2. The manner of service authorized in this section is supplemental to and does not affect the validity of any other manner of service authorized by law.

The Court has reviewed the affidavits and record. It appears that Defendant James A. Barton residence is behind a guarded gate. The process server has been denied access to the residence by the guard. Thus, though the Court agrees that leave is not necessary to effectuate service under NRS § 14.090(1)(a), the Court finds that service by leaving a copy of the summons and complaint with the guard posted at the gate is an effective form of service under the circumstances. The Court further finds that leave to effectuate service upon Defendants Jamie and Kenneth McNulty consistent with NRS § 14.090(1)(b) is appropriate. Based on the affidavits, the McNulty residence is located behind a gate and access is not reasonably available. Consequently, service upon Jamie and Kenneth McNulty may be effectuated by mailing a copy of the summons and complaint via certified or registered mail to the residence.

    Based on the foregoing and good cause appearing therefore,

    **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Enlarge Time for Service, to Serve by Publication, and to Serve Pursuant to NRS § 14.090 (#5) is **granted**.

    **IT IS FURTHER ORDERED** that the time for service under Fed. R. Civ. P. 4(m) is extended to November 11, 2014.

    **IT IS FURTHER ORDERED** that Plaintiff may effectuate service by publication in accord with NRCP 4(e)(1)(iii).

    **IT IS FURTHER ORDERED** that Plaintiff is granted leave to effectuate service by delivery of the summons and complaint via certified or registered mail on Defendants Jamie McNulty and Kenneth McNulty at their residence in accord with NRS § 14.090(1)(b).

    DATED: July 15, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**